**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Telephone: (213) 252-9444
Fax: (213) 252-0091
E-mail: manncook@earthlink.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CHRISTINA RIVERA,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 10, in both their individual and official capacities,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 - Fourth Amendment -- False Arrest / Malicious Prosecution<br>2. 42 U.S.C. § 1983 - Fourth Amendment -- Excessive Force<br><br>**DEMAND FOR JURY TRIAL** |

### I. JURISDICTION.

1. Plaintiff's claims arise under 42 U.S.C. §1983. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff's claims arise out of, *inter alia*, acts of the County of San Bernardino ("County") and San Bernardino County Sheriff's Department ("SBCSD"). Accordingly, venue is proper within the Eastern District of California.

///

///

## III. PARTIES.

### A. Plaintiff.

3. Plaintiff Michelle Christina Rivera is, and was at all times relevant hereto, an adult resident of the State of San Bernardino.

### B. Defendants.

4. Defendant County is a local governmental entity organized and existing under the laws of the State of California. Defendant SBCSD is a public entity within the meaning of California law, and is a San Bernardino County agency.

5. Plaintiff names the SBCSD as a separate defendant because there is disagreement between the Ninth Circuit and the California Supreme Court on whether a California sheriff is a state or county policymaker for § 1983 purposes. In *Brewster v. Shasta County*, 275 F.2d 803 (9th Cir. 2001), and *Streit v. County of Los Angeles*, 236 F.3d 552, 559 (9th Cir. 2001), the Ninth Circuit held that California sheriffs are agents of their employing county for § 1983 purposes. The California Supreme Court, in *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 828-39 (2004), disagreed with the Ninth Circuit, holding instead that a California sheriff is not an agent of his employing county for purposes of § 1983 liability. Should it ultimately be determined that *Venegas* correctly states the law on this point, Plaintiff is informed and believes that County Sheriff John McMahon will nevertheless remain a policymaker for his own department, defendant SBCSD, and hence Plaintiff can prevail against McMahon in his official capacity and defendant SBCSD notwithstanding *Venegas*.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES, and therefore sues these defendants by fictitious names. Plaintiff will give notice of their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that defendant DOES are responsible in some manner for the

damages and injuries hereinafter complained of.

7. The complained of acts and omissions were performed by persons within the course and scope of employment with their respective employers, County, and SBCSD. All acts and omissions were under color of state law.

## IV. FACTS COMMON TO ALL CLAIMS.

8. On April 27, 2015, shortly before or at about 10:00 p.m., SBCSD arrested Plaintiff without a warrant and without probable cause to believe that she had committed a crime. The arrest occurred in the vicinity of 39700 block of De Luz Road, in the County of San Diego. The arrest followed a lengthy vehicle pursuit by law enforcement officials from various agencies. Plaintiff was a passenger in a vehicle the officers were pursing. The pursuit began in Riverside County and continued into San Bernardino County before terminating in San Diego County.

9. At the time of Plaintiff's arrest, she was subjected to a police dog attack that caused Plaintiff serious injuries. Plaintiff is informed that SBCSD deputies were present during the dog attack, were aware that the dog attack was without justification and in fact was maliciously induced, but took no steps to prevent the dog attack or otherwise intervene.

## FIRST CAUSE OF ACTION

**(42 U.S.C. § 1983 – False Arrest / Malicious Prosecution – Fourth Amendment)**

10. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

11. SBCSD deputies unlawfully arrested Plaintiff, in violation of the Fourth Amendment. Plaintiff is informed and believes that SBCSD deputies accused Plaintiff of threatening violence against one or more SBCSD deputies when, in fact, the deputies knew Plaintiff made no such threats, nor did she injure or attempt to injure any law

enforcement officer in any manner whatsoever.

12. As a result of the absence of evidence supporting the above false charge against Plaintiff, all criminal proceedings against her were dismissed.

13. The conduct complained of occurred because of policies, practices and customs of defendants County and SBCSD.

## SECOND CAUSE OF ACTION

**(42 U.S.C. § 1983 – Excessive Force -- Fourth Amendment)**

14. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

15. During the course of her arrest Plaintiff was subjected to excessive and unreasonable force, causing her serious and life threatening injuries.

16. Defendants County, SBCSD and DOES are liable because the wrongful acts were pursuant to County and SBCSD policies, practices and/or customs, and/or were directly inflicted by defendant DOES.

## PRAYER

WHEREFORE, Plaintiff prays judgment as follows:

**On the First Cause of Action:**

17. That Plaintiff be awarded compensatory damages according to proof for her wrongful arrest and prosecution;

18. Attorneys' fees and costs under 42 U.S.C. § 1988;

**On the Second Cause of Action:**

19. That Plaintiff be awarded compensatory damages according to proof for her injuries proximately caused by the excessive force;

20. Attorneys' fees and costs under 42 U.S.C. § 1988;

///

**On All Causes of Action:**

21. Costs of suit; and

22. Such other relief as the Court deems proper.

DATED: April 26, 2016

                              **DONALD W. COOK**
                              Attorney for Plaintiff

By_____
                              Donald W. Cook

00110388.WPD

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

DATED: April 26, 2016

                        **DONALD W. COOK**
                         Attorney for Plaintiff

By_____
            Donald W. Cook

00110388.WPD