**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile
E-mail: manncook@earthlink.net

**ELIC ANBAR**, CSB 122979
ATTORNEY AT LAW
P.O. Box 231176
Encinitas, CA 92023
(760) 703-3710 / (760) 301-8018 facsimile
E-mail: elicanbar@anbarlaw.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CHRISTINA RIVERA, | Case No. 5:16-cv-795-PSG-KSx |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| vs. | |
| COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SHERIFF WILLIAM GORE; SAN DIEGO DEPUTY SHERIFF FRANK LEYVA (#3348); and DOES 1 through 10, in both their individual and official capacities, | 1. 42 U.S.C. § 1983 - Fourth Amendment -- False Arrest / Malicious Prosecution<br>2. 42 U.S.C. § 1983 - Fourth Amendment -- Excessive Force<br>3. Cal. Civ. Code § 52.1(b)<br>4. Art. I § 13, Cal. Const. |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## I.      JURISDICTION.

1. Plaintiff's claims arise under 42 U.S.C. §1983. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

2. Plaintiff's claims arise out of, *inter alia*, acts of the County of San Bernardino

-1-

("SB County") and San Bernardino County Sheriff's Department ("SBCSD"). Accordingly, venue is proper within the Central District of California.

## III. PARTIES.

### A. Plaintiff.

3. Plaintiff Michelle Christina Rivera, a female, is, and was at all times relevant hereto, an adult resident of the State of California.

### B. Defendants.

4. Defendant SB County is a local governmental entity organized and existing under the laws of the State of California. Defendant SBCSD is a public entity within the meaning of California law, and is a San Bernardino County agency.

5. Defendant County of San Diego ("San Diego County") is a local governmental entity organized and existing under the laws of the State of California. Defendant San Diego County Sheriff's Department ("SDSD") is a public entity within the meaning of California law, and is a San Diego County agency.

6. Defendant William Gore ("Gore") is an individual and the Sheriff of San Diego County. As such, he is the chief law enforcement policymaker for defendants San Diego County and SDSD, and is responsible for overseeing and implementing policies and practices followed by SDSD personnel in Plaintiff's seizure, arrest and prosecution. Plaintiff sues Gore in his individual and official capacities.

7. Plaintiff is informed and believes and based thereon alleges that defendant Frank Leyva ("Leyva"), an individual, is a SDSD deputy sheriff (#3348), and is a police dog handler for SDSD. Plaintiff sues Leyva in his individual and official capacities.

8. Plaintiff names the SBCSD and SDSD as separate defendants because there is disagreement between the Ninth Circuit and the California Supreme Court on whether a California sheriff is a state or county policymaker for § 1983 purposes. In *Brewster v.*

00110429.WPD

*Shasta County*, 275 F.2d 803 (9th Cir. 2001), and *Streit v. County of Los Angeles*, 236 F.3d 552, 559 (9th Cir. 2001), the Ninth Circuit held that California sheriffs are agents of their employing county for § 1983 purposes. The California Supreme Court, in *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 828-39 (2004), disagreed with the Ninth Circuit, holding instead that a California sheriff is not an agent of his employing county for purposes of § 1983 liability. Should it ultimately be determined that *Venegas* correctly states the law on this point, Plaintiff is informed and believes that SB County Sheriff John McMahon and San Diego County Sheriff Gore will nevertheless remain policymakers for their respective departments (defendant SBCSD for McMahon; defendant SDSD for Gore). Hence, Plaintiff can prevail against McMahon and Gore in their official capacities and defendants SBCSD and SDSD notwithstanding *Venegas*.

9. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES, and therefore sues these defendants by fictitious names.  Plaintiff will give notice of their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

10. The complained of acts and omissions were performed by persons within the course and scope of employment with their respective employers, County, SBCSD, San Diego County and SDSD. All acts and omissions were under color of state law. All acts and/or omissions of individual defendants were malicious and intentional, with either the intent to deprive Plaintiff of her constitutional rights or with reckless disregard to her constitutional rights.

**IV.     FACTS COMMON TO ALL CLAIMS.**

11. On April 27, 2015, shortly before or at about 10:00 p.m., personnel of SBCSD and SDSD arrested Plaintiff without a warrant and without probable cause to believe that

she had committed a crime. The arrest occurred in the vicinity of 39700 block of De Luz Road, in the County of San Diego. The arrest followed a lengthy vehicle pursuit by law enforcement officials from various agencies. Plaintiff was a passenger in a vehicle the officers were pursuing. The pursuit began in Riverside County and continued into San Bernardino County before terminating in San Diego County.

12. At the time of Plaintiff's arrest, she was subjected to a SDSD police dog attack that caused Plaintiff serious injuries. Plaintiff is informed that SBCSD and SDSD deputies were present during the dog attack, were aware that the dog attack was without justification and in fact was maliciously induced, but took no steps to prevent the dog attack or otherwise intervene. Defendant Leyva caused or directed the police dog to attack Plaintiff even though Leyva knew that (a) Plaintiff was posing no risk of injury to anyone, and (b) Plaintiff had effectively surrendered. Plaintiff is further informed and believes and based thereon alleges that Leyva and/or other law enforcement officials, used additional physical force to enable the dog to continue attacking and biting Plaintiff despite the absence of any colorable justification for the dog attack.

13. After the dog attack concluded and the officers realized Plaintiff had been seriously injured without cause or justification, San Diego County personnel, including defendant Leyva, successfully induced the prosecuting authorities to file a criminal charge against Plaintiff, accusing her of violating Cal. Penal Code §69. All charges against Plaintiff were ultimately dismissed because Plaintiff did *not* threaten injury, or cause injury of any type to any law enforcement official, facts which defendant Leyva and others knew when they arrested Plaintiff.

14. Plaintiff is informed and believes and based thereon alleges that the filing of the criminal charge against her was pursuant to the San Diego County and SDSD practice or custom of "hurt a man – charge a man."  Under this practice or custom, if a SDSD

-4-

deputy believes he has wrongly hurt a person, the deputy will seek to secure the filing of a criminal charge against the person, such as a charge of violating Cal. Penal Code §69 and/or §148.  The deputy seeks the filing of such charges in the belief that a conviction will prevent the person from suing for her injuries wrongfully inflicted by the deputy. Tolerating or condoning a "hurt a man – charge a man" encourages deputies to use excessive force.

15. For purposes of all state law claims, Plaintiff timely filed with San Diego County a claim for damages pursuant to Cal. Gov't Code § 910. San Diego County has denied the claim and this lawsuit is commenced within six months of the denial.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983 – False Arrest / Malicious Prosecution – Fourth Amendment)

(Against all defendants)

16. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

17.  SBCSD and SDSD deputies unlawfully arrested Plaintiff, in violation of the Fourth Amendment. Plaintiff is informed and believes that SBCSD deputies accused Plaintiff of threatening violence against one or more SBCSD and/or SDSD deputies when, in fact, the deputies knew Plaintiff made no such threats, nor did she injure or attempt to injure any law enforcement officer in any manner whatsoever.

18. As a result of the absence of evidence supporting the above false charge against Plaintiff, all criminal proceedings against her were dismissed.

19. The conduct complained of occurred because of policies, practices and customs of defendants SB County  SBCSD, San Diego County and SDSD, condoned and/or ratified by defendant Gore.

///

00110429.WPD

**SECOND CAUSE OF ACTION**

**(42 U.S.C. § 1983 – Excessive Force -- Fourth Amendment)**

(Against all defendants)

20. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

21. During the course of her arrest Plaintiff was subjected to excessive and unreasonable force, causing her serious and life threatening injuries.

22. Defendants County, SBCSD, San Diego County, SDSD and DOES are liable because the wrongful acts were pursuant to the policies, practices and/or customs described above.

**THIRD CAUSE OF ACTION**

(Cal. Civ. Code § 52.1(b)

(Against Defendants San Diego County and SDSD only)

23. In committing the acts alleged above, SDSD employees used threats, intimidation and/or coercion, both against Plaintiff *and* against another person, that had the effect of, *inter alia*:

A. Denying Plaintiff her right to release from custody as guaranteed by Cal. Penal Code § 853.6;

B. Denying Plaintiff her rights as protected under Cal. Civ. Code § 43. That is, one or more San Diego County employees violated Plaintiff's right to protection from bodily restraint or harm when Plaintiff was seized and arrested, and subjected to a police dog attack.

C. Denying Plaintiff her rights as protected by the Fourth Amendment to the United States Constitution, and Art. I §13 of the California constitution.

24. San Diego County and SDSD are liable for the misconduct of their employees

00110429.WPD

under Cal. Gov't Code § 815.2.

## FOURTH CAUSE OF ACTION

(Unlawful Seizure/Search - Cal. Const. Art. I § 13)

(Against Defendants San Diego County and SDSD only)

25. The seizure of Plaintiff violated Plaintiff's rights protected under Art. I § 13 of the California constitution prohibiting unreasonable searches and seizures. Plaintiff is therefore entitled to recover compensatory damages according to proof.

26. San Diego County and SDSD are liable for the misconduct of their employees under Cal. Gov't Code § 815.2.

## PRAYER

WHEREFORE, Plaintiff prays judgment as follows:

**On the First Cause of Action:**

27. That Plaintiff  be awarded compensatory damages according to proof for her wrongful arrest and prosecution;

28. As against individual defendants sued in their individual capacities, punitive damages in an amount according to proof;

29. Attorneys' fees and costs under 42 U.S.C. § 1988;

**On the Second Cause of Action:**

30. That Plaintiff be awarded compensatory damages according to proof for her injuries proximately caused by the excessive force;

31. As against individual defendants sued in their individual capacities, punitive damages in an amount according to proof;

32. Attorneys' fees and costs under 42 U.S.C. § 1988;

**On the Third Cause of Action:**

33. That Plaintiff be awarded compensatory damages according to proof for her

-7-

injuries proximately caused by the wrongful acts;

34. Statutory penalties recoverable under California law for each violation of Cal. Civ. Code §52.1;

35. Attorneys' fees and costs under Cal. Civ. Code §52.1(h) and California's private attorney general doctrine.

**On the Fourth Cause of Action:**

36. That Plaintiff be awarded compensatory damages according to proof for her injuries proximately caused by the wrongful acts;

37. Attorneys' fees and costs under California's private attorney general doctrine.

**On All Causes of Action:**

38. Costs of suit; and

39. Such other relief as the Court deems proper.

DATED: April 28, 2016

**DONALD W. COOK**
Attorney for Plaintiff

By_____
                    Donald W. Cook

00110429.WPD

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff demands a trial by jury.

3

DATED: April 28, 2016

4

**DONALD W. COOK**
Attorney for Plaintiff

5

6

7

By_____

8

Donald W. Cook

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00110429.WPD