**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile
E-mail: manncook@earthlink.net

**ELIC ANBAR**, CSB 122979
ATTORNEY AT LAW
P.O. Box 231176
Encinitas, CA 92023
(760) 703-3710 / (760) 301-8018 facsimile
E-mail: elicanbar@anbarlaw.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CHRISTINA RIVERA,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No. 5:16-cv-00795 PSG-KSx<br><br>**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS DISPUTED BY DEFENDANTS**<br><br>Trial: June 13, 2017 |

TO THE HON. PHILIP S. GUTIERREZ, UNITED STATES DISTRICT JUDGE:

Per this Court's Order For Jury Trial, Plaintiff hereby submits her jury instructions which are objected to by defendants.

DATED: May 26, 2017

**DONALD W. COOK**
Attorney for Plaintiff

By _____
Donald W. Cook

-1-

| No. | Title | Authority | Page |
|-----|-------|-----------|------|
| 1 | All Persons Equal before the Law | Devitt, Blackmar & Wolff, 3 Federal Jury Practice and Instructions §§ 71.03 (4th ed. 1987); *Graham v. Richardson*, 403 U.S. 365, 371, 372 (1971); *Takahashi v. Fish & Game Comm.*, 334 U.S. 410, 420 (1948); *Yick Wo v. Hopkins*, 118 U.S. 356, 369 (1886); *Truax v Raich*, 239 U.S. 33, 39 (1915) | 4 |
| 3 | Testimony of Police Officer | *Darbin v. Nourse,* 664 F.2d 1109, 1114-15 (9th Cir. 1981) | 7 |
| 4 | Business Records -- Police Reports | F.R.E. Rule 803 (6), (7), (8), (10); California Evidence Code §§ 1270, 1272; 28 United States Code §§ 1732, 1733; *United States v. DeGeorgia*, 420 F.2d 889 (9th Cir. 1969) | 10 |
| 5 | Evidence of Guilt from Fabrication/Coverup | *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000); *United States v. Davis*, 752 F.2d 963, 972 (5th Cir. 1985); *Charles v. Cotter*, 867 F. Supp. 648, 663 (N.D. Ill. 1994) | 13 |
| 11 | Serious Bodily Injury--Defined | *United States v. Sanchez*, 914 F.2d 1355, 1358-59 (9th Cir. 1990); *United States v. Moore*, 846 F.2d 1163, 1166, 1167 (8th Cir. 1988); Cal. Penal Code §§ 243(f)(5); *People v. Escobar*, 3 Cal.4th 740, 746, 752 (1992); *People v. Johnson*, 104 Cal. App. 3d 598, 609 (1980); *Gonns v. United States*, 231 F.2d 907, 908 (10th Cir. 1956); *United States v. Moore*, 846 F.2d 1163, 1164, 1167 (8th Cir. 1988); *People v. Pallins*, 95 Cal. App. 2d 902 (1950); *In re Jose D.R.*, 137 Cal.App.3d 269, 276 n.3 (1982); *United States v. Moore*, 846 F.2d 1163, 1167 (8th Cir. 1988); *People v. Chambers*, 41 Cal.App.2d 23 (1965); *People v. Hill*, 23 Cal.App.4th 1566, 1573-74 (1994). | 17 |

00118740.WPD

1

| No. | Title | Authority | Page |
|-----|-------|-----------|------|
| 20 | Dog May Be Considered a Deadly Weapon | *People v. Nealis*, 232 Cal. App. 3d Supp. 1, 3 (1991); *Marley v. City of Allentown*, 774 F. Supp. 343, 345-46 (E.D. Penn. 1991), *aff'd,* 961 F.2d 1567 (3rd Cir. 1992) | 21 |

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00118740.WPD

JURY INSTRUCTION NO. 1.

(All Persons Equal before the Law)


This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

00118740.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANTS' OBJECTION TO PLAINTIFF'S NO. 1

Plaintiff's proposed instruction is unnecessary, and the cited authority does not support the instruction.  In particular, the phrases "equal standing in the community" and "stations in life" are vague and ambiguous and could confuse the jury.

00118740.WPD

PLAINTIFF'S SUPPORT FOR NO. 1.

This instruction serves as a reminder to the jury that the parties are on an equal playing field, and that should the jury have any bias in favor of police officers, they must put it aside.  The legal proposition it asserts is a correct legal proposition.  It is important in this case particularly, because on the one hand, there is a law enforcement officer who concededly is engaged in a lawful duty of taking someone into custody, and on the other hand, there is someone who, concededly, although not at the time of the arrest, resisted earlier, and interfered with the CHP efforts to discharge their lawful duty when she was in the car being pursued and she did nothing to try to get Ms. Steinmeier to pull over and stop the pursuit. There is a tendency among many people to think that a person gets what they deserve; since she "resisted" earlier, ordering the dog to bite her, was fine. This instruction is important to emphasize that the issue in this case is not whether it was lawful to arrest, not whether the officers had a right to use some amount of force, but whether the force Leyva did use, was reasonable or excessive.  There is authority for giving this instruction. Devitt, Blackmar & Wolff, 3 Federal Jury Practice and Instructions §§ 71.03 (4th ed. 1987); *Graham v. Richardson*, 403 U.S. 365, 371, 372 (1971); *Takahashi v. Fish & Game Comm.*, 334 U.S. 410, 420 (1948); *Yick Wo v. Hopkins*, 118 U.S. 356, 369 (1886); *Truax v Raich*, 239 U.S. 33, 39 (1915).

00118740.WPD

JURY INSTRUCTION NO. 3.

(Testimony of Police Officer)

The testimony of a police officer is entitled to no special or exclusive sanctity. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of police officers you should not believe them merely because they are police officers. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including policemen, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight.

00118740.WPD

1

DEFENDANTS' OBJECTION TO PLAINTIFF'S NO. 3

2

3      Plaintiff's proposed instruction is unnecessary, and the cited authority does not

4  support the instruction.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00118740.WPD

PLAINTIFF'S SUPPORT FOR NO. 3

This is a statement to the jury that they cannot have any bias in favor of police officers because police officers are not any more trustworthy or truthful than any other person, simply by virtue of their employment. The jury instructions give very specific instructions to the jury on how to decide a person's credibility, and this cannot be undone simply because the witness is a police officer. *Darbin v. Nourse,* 664 F.2d 1109, 1114-15 (9th Cir. 1981).

00118740.WPD

JURY INSTRUCTION NO. 4.

(Business Records -- Police Reports)


    Police reports are business records.  The absence of an entry in a police report concerning a matter is evidence of the nonexistence of that matter or event.

1

## DEFENDANTS' OBJECTION TO PLAINTIFF'S NO. 4

2

3

Plaintiff's proposed instruction is unnecessary, and the cited authority does not

4

support the instruction.  Moreover, the second sentence could confuse and/or mislead the

5

jury given its wording.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00118740.WPD

1

2

PLAINTIFF'S SUPPORT FOR NO. 4

3

4

Plaintiff intends to use omissions in Leyva's and other officers' reports as evidence that claims they might make now, are untruthful and made up after-the-fact. This instruction explains to the jury the actual import of when an officer leaves a material fact out of his report, as opposed to plaintiff having only to rely on plaintiff's counsel's say-so. See Federal Rules of Evidence Rule 803 (6), (7), (8), (10); California Evidence Code §§ 1270, 1272; 28 United States Code §§ 1732, 1733; see *United States v. DeGeorgia*, 420 F.2d 889 (9th Cir. 1969) (car rental computer showed no record of car after a certain date; admissible to prove car stolen).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00118740.WPD

JURY INSTRUCTION NO. 5.

(Evidence of Guilt from Fabrication/Coverup)

As the factfinder, should you conclude that a party was dishonest about a material fact, you are entitled to treat the dishonesty as evidence of that party's guilt.  Similarly, should you find that the party engaged in a coverup you may infer that the party has consciousness of wrongdoing.

1

## DEFENDANTS' OBJECTION TO PLAINTIFF'S NO. 5

2

3      Plaintiff's proposed instruction is unnecessary, and the cited authority does not

4  support the instruction.  Moreover, the instruction could confuse and/or mislead the jury

5  given its wording, especially the term "guilt."

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00118740.WPD

PLAINTIFF'S SUPPORT FOR NO. 5

This instructions relates specifically to the testimony of the officers (not only Leyva, but also Edwards and Keene) regarding the giving of a warning, and the striking of Ms. Rivera and Ms. Steinmeier. Fabrication and credibility are at the heart of this case. This instruction is trying to bring to the jury's attention the significance of a fabricated claim. It ties into consciousness of guilt, which ties into Leyva's knowledge he used excessive force, which tends to be evidence that the force was excessive, as well as evidence he should be liable for punitive damages.

*See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000) ("In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.' "); *United States v. Davis*, 752 F.2d 963, 972 (5th Cir. 1985) ("[T]he coverup attempts bear a logical relationship to the underlying fraud crimes." * * * "Similarly, evidence of Davis' failure to produce subpoenaed documents and his alleged interference with a witness in an upcoming proceeding against him would tend to establish Davis' 'guilty consciousness' of the false statement and mail fraud charges."); *Charles v. Cotter*, 867 F. Supp. 648, 663 (N.D. Ill. 1994) ("Defendants argue that since Charles has made no conspiracy or cover-up claim in this action, evidence that a false vice report was prepared is irrelevant and unfairly prejudicial because it suggests that a cover-up was involved. To the extent that this evidence establishes that a cover-up was involved, such evidence is damaging to the defendants--because it may indicate that defendant Cotter believed he needed to hide something--but it is not unfairly prejudicial. Furthermore, this

00118740.WPD

1  evidence goes straight to the heart of defendant Cotter's credibility--which will be a

2  critical issue in this case.").

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00118740.WPD

JURY INSTRUCTION NO. 11.

(Serious Bodily Injury--Defined)


"Serious bodily injury" refers to significant or substantial bodily injury or damage; it does not refer to trivial or insignificant injury or moderate harm.  Serious bodily injury means a serious impairment of physical condition, including, but not limited to, the following:   loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement.  Injury which causes significant pain and requires considerable time to heal can be serious bodily injury.  Multiple abrasions or lacerations or contusions can be serious bodily injury.  Reasonable possibility of serious infection is serious bodily injury.

An instrumentality inflicting serious bodily injury is not limited to a gun or a knife. For example, striking with the hand or fist, kicking, choking, biting, or other comparable means may constitute force reasonably capable of causing serious bodily injury.

To establish that the force used was reasonably capable of causing serious bodily injury, it is not necessary to show that serious bodily injury was actually inflicted.  It is only necessary to show that the force used was reasonably capable of causing serious bodily injury.

In determining whether an injury constitutes serious bodily injury as that term is defined herein, it is irrelevant that medical treatment will alleviate or prevent permanent disability caused by the injury.

00118740.WPD

1

DEFENDANTS' OBJECTION TO PLAINTIFF'S NO. 11

2

3

Plaintiff's proposed instruction is unnecessary, and the cited authority does not

4

support the instruction.  Moreover, the second sentence could confuse and/or mislead the

5

jury given its vague and ambiguous wording.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00118740.WPD

PLAINTIFF'S SUPPORT FOR NO. 11

During trial, the jury will hear several witnesses testify about "serious bodily injury." Leyva and the other officers are expected they will testify as they did at deposition, that San Diego County deputies are trained that they can use force reasonably capable of causing serious bodily injury only when there is an immediate and credible threat of death or serious bodily injury either to deputies or to some other person in the community. Dr. Meade will also testify about how police dog bites cause serious bodily injuries. Because this is the crux of plaintiff's case (that Leyva was not allowed to order his dog to bite unless there was an immediate threat of death or serious bodily injury to himself or others), the jury should be informed as to what constitutes serious bodily injury.

This instruction will be especially important should defendants' witnesses testify consistently with their theory proposed thus far, that Ms. Rivera's injuries were an aberration and that using a police dog *does not* cause serious bodily injury. The authority for this instruction is found in:

First paragraph:  *United States v. Sanchez*, 914 F.2d 1355, 1358-59 (9th Cir. 1990); *United States v. Moore*, 846 F.2d 1163, 1166, 1167 (8th Cir. 1988) (*Moore* was cited with approval in *Sanchez*, *supra*, 914 F.2d at 1359); Cal. Penal Code §§ 243(f)(5); *People v. Escobar*, 3 Cal.4th 740, 746, 752 (1992); *People v. Johnson*, 104 Cal. App. 3d 598, 609 (1980) [defining "great bodily injury"].

Second paragraph:  *Gonns v. United States*, 231 F.2d 907, 908 (10th Cir. 1956) [hitting with fists, etc., may be force reasonably capable of causing great bodily injury]; *United States v. Moore*, 846 F.2d 1163, 1164, 1167 (8th Cir. 1988) [biting constitutes force reasonably capable of causing serious bodily injury because of risk of serious infection];

00118740.WPD

*People v. Pallins*, 95 Cal. App. 2d 902 (1950) [biting constitutes force reasonably capable of inflicting great bodily injury because of disfigurement].  *See also* discussion in *In re Jose D.R.*, 137 Cal.App.3d 269, 276 n.3 (1982), wherein the court cites cases finding that an automobile, large rock, razor blade, fingernail file, and a pillow have been found to be deadly weapons under the facts of the relevant case.

Third paragraph:  *United States v. Moore*, 846 F.2d 1163, 1167 (8th Cir. 1988) ("[I]t is the *capacity* for harm in the weapon and its use that is significant, not the *actual* harm inflicted."  [Emphasis in original]); *People v. Chambers*, 41 Cal.App.2d 23 (1965) [No actual injury necessary].

Fourth paragraph:  *People v. Hill*, 23 Cal.App.4th 1566, 1573-74 (1994).

00118740.WPD

JURY INSTRUCTION NO. 20.

(Dog may be considered a deadly weapon)

A dog may be a deadly weapon if the person uses the dog to attack or threaten a human, and the dog is trained to respond to the person and is capable of inflicting serious injury.

00118740.WPD

1

2

DEFENDANTS' OBJECTION TO PLAINTIFF'S NO. 20

3

4

5

6

7

8

9

10

11

12

13

Plaintiff's proposed instruction is unnecessary, and the cited authority does not support the instruction.  Moreover, the *Nealis* case involves a criminal defendant and the CA Penal Code definition of "deadly force", which are not relevant or instructive in this case.  Moreover, in *Marley*, the federal district court in Eastern Pennsylvania determined that the law was clearly established that it was a constitutional violation for a police officer to unleash a trained attack dog on a fleeing misdemeanant.  This court should not find that a district court opinion in the Third Circuit provides sufficient notice particularly in light of *Chew v Gates*, 27 F. 3d 1432 (9th Cir. 1994).  *See Watkins v. City of Oakland*, 145 F.3d 1087, 1092 fn. 1 (9th Cir. 1998).  *Marley* also involved a very different set of circumstances from this case, as the suspect was not hiding in that case.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00118740.WPD

PLAINTIFF'S SUPPORT FOR NO. 20

This instruction is to explain to the jury what *type* of tool the police dog is. It is a tool on the use of force spectrum that is just shy of using a firearm. It is not like using a baton or pepper spray, and it did not inflict such serious injuries here only because Ms. Steinmeier kicked it. It is a deadly weapon because in all cases, it is capable of causing death or serious bodily injury. *People v. Nealis*, 232 Cal.App.3d Supp. 1, 3, 283 Cal.Rptr. 376, 378 (1991) (direct quote); *Marley v. City of Allentown*, 774 F. Supp. 343, 345-46 (E.D. Penn. 1991), *aff'd,* 961 F.2d 1567 (3rd Cir. 1992).

00118740.WPD