THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By ROBERT RODRIGUEZ, Senior Deputy (State Bar No. 224254)
   ERICA R. CORTEZ, Senior Deputy (State Bar No. 270939)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4895; Fax: (619) 531-6005
Email: robert.rodriguez@sdcounty.ca.gov; erica.cortez@sdcounty.ca.gov
*Exempt from filing fees, Gov't Code § 6103*

Attorneys for Defendants County of San Diego (also erroneously sued as "San Diego County Sheriff's Department"), Sheriff William Gore and Frank Leyva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CHRISTINA RIVERA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN BERNARDINO; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SHERIFF WILLIAM GORE; SAN DIEGO DEPUTY SHERIFF FRANK LEYVA (#3348); and DOES 1 through 10 in both their individual and official capacities,<br><br>　　　　Defendants. | No. 5:16-cv-00795-PSG-KSx<br><br>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS DISPUTED BY PLAINTIFF**<br><br>Courtroom: 6A- First Street Courthouse<br>Judge: Honorable Philip S. Gutierrez<br>Trial: June 13, 2017 |

TO THE HON. PHILIP S. GUTIERREZ, UNITED STATES DISTRICT JUDGE:

Per this Court's Order For Jury Trial, Plaintiff hereby submits her jury instructions which are objected to by defendants.

DATED:　　　　　　　　　　THOMAS E. MONTGOMERY, County Counsel

　　　　　　　　　　　　　　By: s/*Robert C. Rodriguez*
　　　　　　　　　　　　　　　　ROBERT C. RODRIGUEZ, Senior Deputy
　　　　　　　　　　　　　　　　ERICA R. CORTEZ, Senior Deputy
　　　　　　　　　　　　　　Attorneys for Defendants County of San Diego (also erroneously sued as "San Diego County Sheriff's Department"), Sheriff William Gore and Frank Leyva
　　　　　　　　　　　　　　Email: robert.rodriguez@sdcounty.ca.gov;
　　　　　　　　　　　　　　Email: erica.cortez@sdcounty.ca.gov

# INDEX

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 4 | REASONABLE FORCE | *Glenn v. Washington Cnty.*, 673 F.3d 864, 878 (9th Cir. 2011); *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994); *Gregory v. County Of Maui*, 523 F.3d 1103, 1107 (9th Cir. 2008); *Reynolds v. County Of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996); *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002); *Hughes v. Kisela*, 841 F.3d 1081, 1087 (9th Cir. 2016) (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1995)). | 3 |
| 5 | SPLIT-SECOND JUDGMENTS | *Graham v. Conner,* 490 U.S. 386, 396-97 (1989) | 6 |

**SPECIAL INSTRUCTION NO. 4**

(Reasonable Force)

In determining whether a peace officer's use of force was reasonable under a given set of circumstances, you should consider that there may be a range of conduct that is reasonable, instead of only one reasonable course of action. Peace officers are not required to use the least intrusive degree of force possible as long as they act within a reasonable range of conduct. The question is whether the officers acted reasonably, not whether they had less intrusive alternatives available to them.

A Fourth Amendment violation for excessive force may not be established based only on bad tactics. In determining whether excessive force was used, you should consider whether the totality of the circumstances justify the force that was actually used.

Authorities:

*Glenn v. Washington Cnty.*, 673 F.3d 864, 878 (9th Cir. 2011); *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994); *Gregory v. County of Maui*, 523 F.3d 1103, 1107 (9th Cir. 2008); *Reynolds v. County of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996); *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002); *Hughes v. Kisela*, 841 F.3d 1081, 1087 (9th Cir.2016) (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.1995)).

## 4    Range Of Conduct

Plaintiff objects to this instruction because given Model Instruction 9.25 which tells the jury what to consider when deciding if the force was reasonable or excessive, this instruction is not necessary.

Furthermore, "reasonable range of conduct" infers that someone testified that there is such a reasonable range of conduct under these circumstances, but that is not the case. No one, including an expert, could so testify. It is for the jury to decide, using the factors set forth in the instructions, as to whether this use of force was or was not reasonable.

Also, part of answering the question of reasonableness involves considering if there were less intrusive alternatives available, so saying that is not at issue is incorrect.

Does the sentence that excessive force may not be established based on bad tactics mean it is not excessive force if the officer just chose to use one form of force instead of another? That is not a correct statement of law. It obviously could be excessive force if an officer decided to use a police dog to bite someone when all he needed to do to get them handcuffed was to grab them, or use pepper spray, or tackle them to the ground.

**REPLY TO PLAINTIFF'S OBJECTION TO NO. 4**

(Reasonable Force)

Without this instruction, which is well supported by the citing authority, the jury might be confused and believe that simply because Leyva did not use a less intrusive means of force, his force was *per se* excessive. This instruction clarifies the "range of force" analysis, which is a little unclear as to this issue in the Ninth Circuit Model Jury Instruction 9.25.

# SPECIAL INSTRUCTION NO. 5

(Split-Second Judgments)

In considering whether deputy Leyva's use of force was reasonable, you should allow for the fact that peace officers are often forced to make split-second judgments, in circumstances that are tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

Authority:

*Graham v. Conner*, 490 U.S. 386, 396-97 (1989)

5       **Split Second Judgment**

       Plaintiff objects to this instruction on the grounds that it does not apply to the facts of this case. Leyva did not have to make any "split-second" judgment. Further, the amount of time the officer had to decide is one of the items listed as a consideration in Model Instruction 9.25.

**REPLY TO PLAINTIFF'S OBJECTION TO NO. 5**

(Split-Second Judgments)

The Ninth Circuit Model Jury Instruction 9.25 does not adequately instruct with regard to "split-second" judgments that are often made by law enforcement officers, including judgments made by Deputy Leyva in this case. The seminal case on excessive force, *Graham v. Connor*, 490 U.S. 386, at 396-97 (1989) states:

> "All determinations of unreasonable force must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation."